NOT DESIGNATED FOR PUBLICATION

No. 114,560

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LOUIS TRESTER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed October 7, 2016. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., MCANANY and STANDRIDGE, JJ.


*Per Curiam*:  Louis Trester appeals his conviction of indecent solicitation of a child. He argues the district court erred by allowing evidence of other crimes under K.S.A. 2015 Supp. 60-455. For the reasons stated below, we affirm.


FACTS

On July 4, 2014, 14-year-old A.R.N. and 16-year-old C.L.S. celebrated the Fourth of July at a house party with family and friends in Wichita. Trester also was at the party

1

with his 7-year-old stepdaughter. That evening, A.R.N. and C.L.S. reported to the Wichita police department that Trester had separately approached each of them at the party and offered to pay them $100 to have sex with him.

Based on A.R.N.'s allegation, the State later charged Trester with one count of indecent solicitation of a child between the ages of 14 and 16. Pursuant to K.S.A. 2015 Supp. 60-455(d), the State filed a pretrial motion requesting the court's permission to introduce evidence at trial that Trester also had propositioned C.L.S. for sex. The State argued that this evidence was both material and probative to the charges against A.R.N. Defense counsel opposed the motion, arguing any probative value was outweighed by the prejudice Trester would suffer if the jury was allowed to hear allegations by C.L.S. that were never proven to a jury. The district court ultimately granted the State's motion, finding that C.L.S.'s testimony was more probative than prejudicial given "the corroborative effect placing the intent, opportunity, motive in the same time frame as with the allegations against or relative to A.R.N."

At trial, C.L.S. testified that she was shooting fireworks with A.R.N. when Trester emerged from a neighboring home and motioned towards her to come inside the house, which she eventually did. According to C.L.S., Trester asked if she wanted to "make out," offered to pay her $100 a week, and asked if he could take pictures. C.L.S. told Trester "no" and went back outside. C.L.S. testified that she understood Trester's request to "make out" as touching in a sexual nature and that she had been uncomfortable and scared.

A.R.N. testified that C.L.S. told her about the conversation she had with Trester. Later in the evening, Trester approached A.R.N. at two different points in time and asked her to have sex with him for $100. A.R.N. refused both times. Trester's stepdaughter testified that when she went inside to get her shoes, she overheard Trester telling A.R.N. that he would give her money to "hang out."

The jury convicted Trester as charged. The district court sentenced Trester to 76 months in prison followed by lifetime postrelease supervision. Trester timely appeals.

ANALYSIS

Trester argues the district court erred in admitting C.L.S.'s testimony into evidence under K.S.A. 2015 Supp. 60-455 because the prejudicial effect of this testimony outweighed its probative value. The State responds that Trester's failure to contemporaneously object to the admission of the evidence at trial precludes us from reaching the merits of his argument.

To preserve an issue relating to the admissibility of evidence for appeal, a party must make a timely and specific objection. K.S.A. 60-404; see *State v. Breeden*, 297 Kan. 567, 580, 304 P.3d 660 (2013) (failure to object at trial to other crimes evidence under K.S.A. 2015 Supp. 60-455 means that defendant did not preserve an evidentiary issue for appeal); *State v. Holman*, 295 Kan. 116, 127, 284 P.3d 251 (2012) (failure to contemporaneously object at trial to evidence of an uncharged crime offered under K.S.A. 2015 Supp. 60-455 precludes appellate review), *overruled on other grounds by State v. Dunn*, 304 Kan. 773, 375 P.3d 332, 355-56 (2016); *State v. Gaona*, 293 Kan. 930, 955-56, 270 P.3d 1165 (2012) (failure to make a timely and specific objection pursuant to K.S.A. 60-404 bars evidentiary review on appeal); *State v. King,* 288 Kan. 333, 349, 204 P.3d 585 (2009) ("[P]ractice of reviewing evidentiary questions when no objection has been lodged runs contrary to the legislature's clearly stated intent in K.S.A. 60-404.").

In this case, Trester objected to the admission of C.L.S.'s testimony at a pretrial hearing on the State's K.S.A. 60-455 motion. But Trester did not renew his objection at the time C.L.S.'s testimony was introduced at trial. Because Trester failed to make a timely objection to the admission of C.L.S.'s testimony, appellate review of the merits of

Trester's claim is foreclosed under the contemporaneous objection rule set forth in K.S.A. 60-404.

Affirmed.